UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

-vs-                                                      Case No.  6:06-cr-125-Orl-19KRS

DELVIN BERNARD FLOWERS
_____

ORDER

This cause comes before the Court on the following:

1.     Defendant Delvin Bernard Flower's Memorandum of Law Regarding Acceptance

        of Plea Agreement and the Court's Authority to Withdraw Defendant's Guilty Plea

        (Doc. No. 1526, filed July 9, 2007); and

2.     United States' Response to Memorandum of Law (Doc. No. 1531, filed July 19,

        2007).

**Background**

On October 20, 2006, Defendant entered a plea agreement with the United States and pled

guilty to conspiracy to possess with the intent to distribute and to distribute a quantity in excess of

five kilograms of cocaine hydrochloride in violation of 21 U.S.C. Section 846 and 841(b)(1)(A)(ii).

(Doc. Nos. 885, 888).  According to the facts presented in the plea agreement, Defendant was a

leader of a drug trafficking organization which participated in a cocaine distribution conspiracy from

1999 until June 21, 2006.  (Doc. No. 885, pp. 13-14).  Throughout the course of the conspiracy

Defendant distributed between fifteen and fifty kilograms of cocaine hydrochloride.  (*Id.* at pp. 14,

31).

-1-

In the plea agreement the United States agreed to "recommend to the Court that the defendant be sentenced within the applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement."[1] (*Id.* at p. 3). The plea agreement also provided that the parties would "jointly recommend to the Court that the defendant receive an upward adjustment of no more than two levels pursuant to USSG § 3B.1.1(c)" for his role in the offense. (*Id.* at p. 4). However, the plea agreement provided that the "recommendation is not binding on the Court, and if not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be able to withdraw from the plea of guilty." (*Id.* at pp. 4-5). The Court accepted Defendant's guilty plea but deferred accepting the plea agreement until the time of sentencing. (Doc. No. 974).

Before sentencing the United States Probation Office issued a Presentence Report (PSR) recommending that Defendant receive a four level increase pursuant to USSG Section 3B1.1(a). PSR ¶ 38. Defendant objected to the four level enhancement.

On May 29, 2007, the Court held Defendant's sentencing hearing. (Doc. No. 1479). The Government refused to present evidence to contradict Defendant's objection that the four level enhancement was inappropriate because of the stipulation in Paragraph 10 of the plea agreement.[2]

---

[1]	The United States Sentencing Guidelines are abbreviated as "USSG" for the purposes of this Order.

[2]	Paragraph 10 of the plea agreement specifically provides that:

Pursuant to Fed. R. Crim P. 11(c)(1)(B), the United States and the defendant agree to jointly recommend to the Court that the defendant receive an upward adjustment of no more than two levels pursuant to USSG § 3B.1.1(c), regarding the defendant's role in the offense. The parties understand that such a joint

Defendant objected when the Court attempted to call witnesses *sua sponte* in order to determine if there was a factual basis for the four level enhancement.  The Court ordered Defendant's counsel to submit a memorandum of law addressing the Court's ability to summon witnesses to testify about matters in the presentence report to which Defendant objected but as to which the Government declined to present evidence because of a perceived limitation in the plea agreement.  (Doc. No. 1512).  The Court also directed defense counsel to address the issue of whether the Court could reject the plea agreement because it limited the Government's ability to present facts relevant to sentencing.  (*Id.*)

Defendant submitted a memorandum of law on July 9, 2007.  (Doc. No. 1526).  Rather than addressing the Court's specific requests, Defendant asserts that although the Court has no authority to withdraw Defendant's guilty plea for him, the Court may properly reject the plea agreement.  (*Id.*) If the Court rejects the plea agreement, Defendant contends that he must be given the opportunity to withdraw his plea of guilty.  (*Id.*)

The Government responded to Defendant's memorandum and provided law supporting the authority of the Court to call and interrogate witnesses.  (Doc. No. 1531).  However, the Government argued that if the Court does not accept the plea agreement's stipulations, the Defendant should not be allowed to withdraw his plea of guilty because he agreed to be bound by his plea of guilty irrespective of the Court's actions.  (*Id.*; *see* Doc. No. 885, pp. 4-5).  The Government further argues

---

recommendation is not binding on the Court, and if not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be able to withdraw from the plea of guilty.

(Doc. No. 885, pp. 4-5).

that although the Court may reject the plea agreement, such an action is unnecessary because the Court can call witnesses *sua sponte* in order to determine whether the four level enhancement is appropriate.  (*Id.* at p. 2).

### Standard of Review

The decision to reject a plea agreement is within the discretion of the district court.  *United States v. Martinez*, 486 F.2d 15, 20 (5th Cir. 1973).[3]

### Analysis

At the hearing, the Government indicated that it would not introduce evidence on Defendant's role in the offense and the propriety of the four level sentencing enhancement pursuant to USSG Section 3B1.1(a) because of the stipulation of the plea agreement which provides that "the United States and the defendant agree to jointly recommend to the Court that the defendant receive an upward adjustment of no more than two levels pursuant to USSG § 3B1.1(c), regarding the defendant's role in the offense."   (Doc. No. 885, p. 4).  Thus, the Government construes the plea agreement as preventing it from introducing pertinent, material, and relevant evidence requested by the Court at the sentencing hearing.

In sentencing a defendant, the Court should consider all evidence relevant to the specific crime and particular offender, including evidence that would not be admissible at trial.  *United States v. Marcello,* 423 F.2d 993, 1012 (5th Cir. 1970); *see also United States v. Harris,* 558 F.2d 366, 372 (7th Cir. 1977).  Failure to introduce relevant evidence can, under certain circumstances, constitute

---

[3]        In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted the decisions of the United States Court of Appeals for the Fifth Circuit that were handed down prior to October 1, 1981 as binding precedent.

a fraud on the court. *Cf. Davenport Recycling Assoc. v. Comm'r IRS,* 220 F.3d 1255, 1262 (11th Cir. 2000) (discussing elements of fraud on the court in a civil case and reasoning that fraud on the court "vitiates the court's ability to reach an impartial disposition of the case" because it involves "an unconscionable plan or scheme which is designed to improperly influence the court in its decision." (internal citations omitted)).  Preventing a fraud on the Court is valid reason for a District Court to reject a plea agreement.  *E.g., United States v. Johnson,* 463 F.3d 803, 809-810 (8th Cir. 2006); *United States v. Partida-Parra,* 859 F.2d 629, 634 n. 6 (9th Cir. 1988).

In the instant case, the Government's refusal to present evidence that could support a four level enhancement may preclude the Court from determining facts important to sentencing Defendant to a punishment that is appropriate for his criminal conduct.  The Government's failure to present evidence prevents the Court from complying with 18 U.S.C. Sections 3553(a)(1) and (a)(6), which require the Court to impose a sentence that is "sufficient, but not greater than necessary" based upon "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  Moreover, "[a] decision that a plea bargain will result in the defendant's receiving too light a sentence under the circumstances of the case is a sound reason for a judge's refusing to accept the agreement."  *United States v. Bean*, 564 F.2d 700, 704 (5th Cir. 1977).

The Government's arguments that the Court may simply refuse to accept the stipulation in the plea agreement that recommends a two-level sentencing enhancement and that the Court may conduct its own examination of witnesses do not address the issues of concern to the Court.  Although the Government is correct in its contention that the Court may accept the plea agreement

-5-

while rejecting the stipulation, accepting the Government's argument would force the Court to assume the role of interrogator of the witnesses as well as the role of finder of the facts.  Fed. R. Crim. P. 11(c)(1)(B), (c)(3)(B).

While Counsel for Defendant was incorrect in his assertion that the Court does not have the ability to call and question witnesses, he was rightfully critical of the Court's unpolished skills for eliciting testimony from witnesses during the sentencing hearing.  The Court is not privy to the facts and the witnesses which presumably are known to the Government and thus is ill-suited to call witnesses and question them on matters important to sentencing.  Further, the Court does not desire to act as both decider of the facts and  prosecutor.  *United States v. Wright,* 392 F.3d 1269, 1274 (11th Cir. 2004), *cert. denied,* 544 U.S. 968 (2005) ("[T]he district court abuses its authority when it abandons its proper role and assumes that of an advocate." (internal quotations omitted)).

It is the role of the Government to prosecute a case and present all evidence relevant to sentencing.  *Cf. United States v. Ndiaye,* 434 F.3d 1270, 1300 (11th Cir. 2006) ("The district court's factual findings for purposes of sentencing may be based on, among other things, evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing."); *United States v. Askew*, 193 F.3d. 1181, 1184-85 (11th Cir. 1999) (noting that the court cannot grant sentencing enhancement unless the government presents evidence to support inferring the required factual basis for the enhancement).  The Court declines to step into the vacuum left by the prosecutor when the Government has entered a plea agreement which causes it to abandon or relinquish its role as presenter of evidence important to sentencing.  Moreover, the Government's argument that the Court should sever the stipulation from the plea agreement in order to reject the stipulation without rejecting the plea agreement itself does not satisfy the obligations specified in

the commentary to USSG Section 6B1.4.  The commentary provides:

> when a plea agreement includes a stipulation of fact, the stipulation must fully and
> accurately disclose all factors relevant to the determination of sentence. . . . [T]he
> overriding principle is full disclosure of the circumstances of the actual offense and
> the agreement of the parties. . . . [I]t is not appropriate for the parties to stipulate to
> misleading or non-existent facts, even when both parties are willing to assume the
> existence of such "facts" for purposes of the litigation.  Rather, the parties should
> fully disclose the actual facts and then explain to the court the reasons why the
> disposition of the case should differ from that which such facts ordinarily would
> require under the guidelines.

It is within the province of the Court to reject a plea agreement when it believes that

enforcing the agreement will undermine the purposes of punishment and sentencing.[4]  *E.g., United*

*States v. Greener,* 979 F.2d 517, 519-21 (7th Cir. 1992) (discussing district court's role in examining

the plea agreement and deciding whether it should be accepted).  Because the stipulations in the plea

agreement allow the Government to justify abandoning its responsibility to present evidence on the

propriety of a four level sentencing enhancement, the Court will not accept the plea agreement.

**The Defendant's Right to Withdrawal a Guilty Plea when the Court Rejects a Plea**

**Agreement Authorized by Federal Rule of Criminal Procedure 11(c)(1)(B)**

Federal Rule of Criminal Procedure 11(c)(1)(B) allows the parties to enter a plea agreement

to jointly recommend a specific sentencing range to the Court, which the Court is not bound to

accept.  *Id.*  Under this type of plea agreement, a defendant may only withdraw his guilty plea after

it is accepted but before sentencing if he "can show fair and just reason for requesting withdrawal."

---

[4] The sentence imposed must be sufficient to: "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2)(A)-(C).

Fed. R. Crim. P. 11(d)(2)(B).

Neither party has submitted case law specifically addressing whether a defendant must be given the opportunity to withdraw a guilty plea when the Court rejects a Rule 11(c)(1)(B) plea agreement on its own volition.  The Court's own research has not disclosed a case that specifically addresses this issue.  However, the Court concludes that an automatic right to withdraw a guilty plea after the plea agreement is rejected does not apply to plea agreements entered pursuant to Rule 11(c)(1)(B).  This proposition is supported by the plain language of the Rule 11, the legislative history related to the most recent amendment to Rule 11, and recent case law interpreting Rule 11.

The language of  Federal Rule of Criminal Procedure 11(c)(5) explicitly provides that a defendant's automatic right to withdraw a guilty plea when the Court rejects the plea agreement is limited to the type of plea agreements outlined in Federal Rule 11(c)(1)(A) and 11(c)(1)(C).  Such language excludes Rule 11(c)(1)(B) plea agreements.  Fed. R. Crim. P. 11(c)(5).  Thus, in the context of Rule 11(c)(1)(B) plea agreements, the plain language of the Federal Rules of Criminal Procedure indicates that a defendant may only withdraw his guilty plea after it is accepted, but before sentencing, upon motion showing "a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).

The Advisory Committee Notes associated with the  2002 Amendments to Federal Rule 11 state that Rule 11(d) and (e) were amended to "more clearly spell out . . . the ability of the defendant to withdraw a plea" in light of the Supreme Court's holding in *Untied States v. Hyde,* 520 U.S. 670 (1997).  In *Hyde,* the Supreme Court held that a guilty plea and a plea agreement may be accepted separately.  *Id.* at 674.  The Supreme Court interpreted the Federal Rules of Criminal Procedure and held that when a guilty plea is accepted but a ruling on the acceptance of a plea agreement is

-8-

deferred, the defendant can only withdraw his guilty plea upon a showing of fair and just reason.

*Id.* at 676.

Additionally, the District of Columbia Circuit recently explained Rule 11 and a defendant's

ability to withdraw a guilty plea after it is accepted in the context of a Rule 11(c)(1)(C) plea. *United*

*States v. Jones,* 472 F.3d 905 (D.C. Cir. 2007). The D.C. Circuit stated that:

> Federal Rule of Criminal Procedure 11, which sets forth procedures for pleas and
> plea agreements, describes three instances in which a defendant may withdraw from
> a previously tendered guilty plea. First, Rule 11(d)(1) provides that "before the court
> accepts the plea," the defendant may withdraw "for any reason or no reason" at all.
> Second, if the court has already accepted the plea, Rule 11(d)(2)(B) permits the
> defendant to withdraw if he "show[s] a fair and just reason for requesting the
> withdrawal." Third, under Rule 11(d)(2)(A), the court must give the defendant an
> opportunity to withdraw his plea when the court rejects a plea agreement made
> pursuant to Rule 11(c)(1)(A) (which allows the agreement to provide that the
> government will not bring new charges) or-more important for present purposes-Rule
> 11(c)(1)(C) (which, as noted, permits the prosecution and defense to agree on a
> particular sentence or sentencing range).

*Id.* at 907-08. After considering the language of the Rules and the Supreme Court's decision in

*Hyde,* the D.C. Circuit reasoned that:

> when a district court accepts a guilty plea but defers decision on the plea agreement,
> the defendant may withdraw only for "a fair and just reason," except that if the court
> rejects the plea agreement (and the agreement was made pursuant to Rule
> 11(c)(1)(A) or 11(c)(1)(C)), the defendant may again withdraw as of right.

*Id.* at 908. Based on the foregoing, the Court concludes that in the instant case Defendant may only

withdraw his plea of guilty upon showing a "fair and just reason" for withdrawal.

In deciding whether a defendant shows a "fair and just reason" for withdrawal, the Court

should consider totality of the circumstances surrounding the plea, specifically whether: (1) a

defendant had close assistance of counsel available; (2) the plea was knowing and voluntary; (3)

judicial resources would be conserved; and (4) the government would be prejudiced if the defendant

were allowed to withdraw his plea. *United States v. Buckles,* 843 F.2d 469, 471-72 (11th Cir. 1988), *cert. denied,* 490 U.S. 1099 (1989). In conducting its analysis, the Court must evaluate "[t]he good faith, credibility and weight of a defendant's assertions in support of his motion. *Id.* at 472.

While mindful that the pertinent stipulations contained in the plea agreement provide they are not binding on the Court and further that if not accepted the Defendant may not withdraw his plea of guilty, the Court advises the parties that it is concerned that Defendant would be prejudiced if it *sua sponte* rejects the plea agreement, thus releasing the Government from its promise to Defendant not to present relevant evidence at sentencing, but requires Defendant to stand by his plea of guilty. This does not appear to be what the Defendant bargained for in entering the plea agreement. In some cases the fact that a defendant would be "denied the benefit of the agreement for which he bargained" constitutes a fair and just reason to allow a defendant to withdraw a plea agree of guilty. *See e.g., United States v. Yesil,* 991 F.2d 1527, 1522 (11th Cir. 1992).

### Notice to Parties of Rejection of Plea Agreement

Defendant's sentencing hearing is scheduled to resume on July 30, 2007. Defendant and the Government are notified that based on the Government's refusal to present evidence relating to the probation officer's recommendation that Defendant should be given a four level increase for his role in the offense under the advisory guidelines because of a stipulation in the plea agreement, the Court will not accept the plea agreement. At the sentencing hearing on July 30th the Court will offer Defendant the option to either: (1) "show a fair and just reason" for withdrawing of his plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B) and to proceed to trial; or (2) proceed to sentencing without a plea agreement. Defendant should apprise the Court of his election at that time.

**Conclusion**

The Court advises Defendant and the Government that it does not accept the plea agreement. At the hearing scheduled for Monday, July 30, 2007 , Defendant will be given leave to "show a fair and just reason" for withdrawal of his guilty plea and election to proceed to trial, or Defendant shall notify the Court that he will proceed to sentencing on that date based on his plea of guilty without a plea agreement.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on July _25th_, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record